UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| United States of America | Criminal Action 00-60029-01 |
| versus | Judge Tucker L. Melançon |
| John Timothy Cotton | Magistrate Judge Patrick J. Hanna |

**ORDER**

Before the Court is petitioner, John Timothy Cotton's, Motion To Alter Or Amend The Judgment - To Reconsder [sic] Same - And For Stay, Thereof [Rec. Doc. 861] pursuant to the following rules of the Federal Rules of Civil Procedure: Rule 59(e), To Alter or Amend the Judgment; Rule 60(b), Relief From Judgment and for a Stay of the Judgment; and Rule 62(b), Stay Pending the Disposition of a Motion.

On March 21, 2011, the Court entered Judgment adopting the Report and Recommendation of the magistrate judge which denied and dismissed with prejudice Cotton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *R. 846; 860*. In his motion, Cotton moves the Court to "Vacate the Judgment - Reconsider it, allow Petitioner to take discovery, and Issue the Writ, thereafter."

Cotton seeks reconsideration of the Court's final judgment entered on March 21, 2011, *R. 860*, under Federal Rule of Civil Procedure 59(e). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e). However, its discretion is not without limit. The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.,1993) (citations omitted). A Rule 59(e) motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004).

As Cotton's motion is also filed pursuant to Federal Rule of Civil Procedure 60(b), the Court will examine the standards for granting post-judgment relief under that provision. A court can grant a Rule 60(b) motion due to (1) mistake or neglect; (2) discovery of new evidence, (3) misconduct of the opposing party; (4) the judgment being void; (5) the judgment being satisfied; or (6) other reasons justifying relief. *See* Fed.R.Civ.P. 60(b); *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir.2007). A district court has considerable discretion in granting relief from judgment pursuant to Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991). Rule 60(b) seeks a balance between finality and justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir, 1981). "The desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F .3d 1000, 1007 (5th Cir.1998).

Applying the standards of either Rule 59(e) or Rule 60(b), the Court must deny Cotton's Motion. The Court fully considered and addressed the claims asserted in Cotton's § 2255 petition, *R. 781*, as well as his Objections To The USMJ's Report & Recommendation and Petitioner's Combined Motion For Summary Judgment, *R. 859*, and rendered Judgment on that basis, *R. 860*. Moreover, the Motion fails to satisfy any of Rule 60(b)'s stringent standards. Rather Cotton re-asserts the same claims he raised in his §2255 petition and objections. Cotton does not present an unusual or extreme situation justifying equitable relief.

As petitioner's motion under Rule 59(e) and 60(b) must be denied, petitioner's

motion to stay the execution of the Judgment pursuant to Rule 62(b)[1] will also be denied.

Accordingly, it is

**ORDERED** that petitioner, John Timothy Cotton's, Motion To Alter Or Amend The Judgment - To Reconsder [sic] Same - And For Stay, Thereof [Rec. Doc. 861] is **DENIED**.

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this 20th day of April, 2011.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

---

[1] FRCP 62(b), Stay Pending the Disposition of a Motion, provides:

On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:
...
(3) under Rule 59, for a new trial or to alter or amend a judgment; or

(4) under Rule 60, for relief from a judgment or order.